IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PROGRESSIVE MOUNTAIN INSURANCE COMPANY,　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　Petitioner,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>MOBILE MAINTENANCE ON THE　　　　 )<br>GO, LLLP, HELENE JULIEN,　　　　　　)<br>BRANDON DONALD, and JESSE　　　　 )<br>ESPINOZA　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　Respondents.　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　) | CIVIL ACTION FILE NO.<br>_____ |

**PETITION FOR DECLARATORY JUDGMENT**

COMES NOW, Progressive Mountain Insurance Company ("Progressive"), and files this its Petition for Declaratory Judgment. Petitioner asks this court to declare the rights and legal relations of the parties herein. In support thereof, Petitioner respectfully shows the Court as follows:

This is an action for declaratory judgment, pursuant to 28 U.S.C. § 2201, for the purpose of determining an actual controversy between Progressive and the Respondents in regard to the parties' respective rights and obligations under a policy

1

of insurance issued by Progressive in relation to the claims for bodily injury arising from a motor vehicle accident that took place in Gwinnett County, Georgia.

### PARTIES

1.

Petitioner Progressive is incorporated in and is therefore a citizen and resident of the State of Ohio with its principal place of business in Mayfield Village, Ohio. Progressive is authorized to conduct business in the State of Georgia.

2.

Mobile Maintenance On The Go, LLLP ("Mobile Maintenance") is incorporated in and is therefore a citizen and resident Georgia, with its principal place of business in Duluth, Georgia. Respondent Mobile Maintenance may be served by delivering Summons and a copy of the Petition to its registered agent, Javier Espinoza, 637 Streamwood Ivy Trail, Suwanee, Gwinnett County, Georgia 30024.

3.

Helene Julien ("Julien") is a resident of Gwinnett County, Georgia and a citizen of the State of Georgia. Respondent Julien may be served by delivering Summons and a copy of the Petition to her last known address of 637 Streamwood Ivy Trail, Suwanee, Gwinnett County, Georgia 30024.

4.

Brandon Donald ("Donald") is a resident of Gwinnett County, Georgia and a citizen of the State of Georgia. Respondent Donald may be served by delivering Summons and a copy of the Petition to his last known address of 3376 Fairway Oaks Drive, Apartment 2B, Lawrenceville, Gwinnett County, Georgia 30044.

5.

Jesse Espinoza ("Espinoza") is a resident of Gwinnett County, Georgia and a citizen of the State of Georgia. Respondent Espinoza may be served by delivering Summons and a copy of the Petition to her last known address of 637 Streamwood Ivy Trail, Suwanee, Gwinnett County, Georgia 30024.

## JURISDICTION AND VENUE

6.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship among Petitioner and all Respondents.

7.

On or about March 25, 2020[1], counsel for Respondent Julien sent a time-limited demand letter to Progressive. (A true and accurate copy of the Time-Limited Demand is attached hereto as Exhibit "A.")

8.

Based on the allegations in Respondent Julien's Time-Limited Demand, the amount in controversy exceeds this Court's jurisdictional limit of $75,000.00, inasmuch as Respondent Julien's Time-Limited Demand contains a settlement demand of $1,000,000.00.

10.

This Court further has jurisdiction pursuant to 28 U.S.C. § 2201 because Progressive is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an automobile insurance coverage policy delivered to Mobile Maintenance On the Go, LLC.

---

[1] The demand letter was incorrectly dated March 25, 2019. Progressive received the demand on March 26, 2020.

11.

This Court is vested with the power to declare the rights and obligations of the parties hereto and to provide such other relief as may be necessary, pursuant to 28 U.S.C. § 2201.

12.

Venue is laid in this district pursuant to 28 U.S.C. § 1391 by virtue of the fact that Respondents Mobile Maintenance On The Go, LLLP, Julien, Donald, and Espinoza, reside in Gwinnett County, Georgia.

## PRELIMINARY ALLEGATIONS

### Subject Accident

13.

This claim arises out of a motor vehicle accident that occurred at or around 10:52 p.m. on October 15, 2018, on Pleasant Hill Road at its intersection with Crestwood Parkway in Gwinnett County, Georgia ("Subject Accident").

14.

Respondent Julien was walking from the Publix grocery store going to her sister's house on foot when she was struck by a 2000 Honda Civic ("Subject Vehicle") being driven by Respondent Donald.

15.

Respondent Julien was not occupying any vehicle at the time of the Subject Accident.

16.

Respondent Julien sustained fractures to her right hip, leg, and ankle and a dislocation of her right knee.

## Subject Policy

17.

At the time of the Subject Accident, Mobile Maintenance On The Go LLC was the named insured on a commercial auto policy issued by Progressive Mountain Insurance Company, with effective dates of coverage from January 18, 2018 to January 18, 2019, Policy No. 05840160-1 ("Policy").  (A certified copy of the Policy is attached hereto as Exhibit "B").

18.

The Policy provides $1,000,000 Combined Single Limits in uninsured/underinsured motorist coverage for bodily injury and property damage.

19.

The Policy lists the Subject Vehicle as the only listed vehicle.

20.

The Policy states, in pertinent part:

**UNINSURED MOTORIST COVERAGE ENDORSEMENT**

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

We agree with you that the insurance provided under your Commercial Auto Policy is modified as follows:

**INSURING AGREEMENT**

Subject to the Limits of Liability, if you pay the premium for Uninsured Motorist Coverage, we will pay for damages, other than punitive or exemplary damages, which an insured is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury or property damage:

1. Sustained by an insured;
2. caused by an accident; and
3. arising out of the ownership, maintenance, or use of an uninsured auto.

We will pay under this endorsement only after the limits of liability under all applicable liability bonds and policies have been exhausted by payment of judgments or settlements.

Any judgment or settlement for damages against an owner or operator of an uninsured auto that arises out of a lawsuit brought without our written consent is not binding on us.

**ADDITIONAL DEFINITIONS**

When used in this endorsement, whether in the singular, plural, or possessive:

1. "Insured" means:

…

    b.    if the named insured shown on the declarations page is a corporation, partnership, organization, or any other entity that is not a natural person:
        (i)    any person occupying an insured auto or temporary substitute auto; and
        (ii)    any person who is entitled to recover damages by this endorsement because of bodily injury sustained by a person described in (i) above.

2. "Non-owned auto" means any auto that is not owned by you or furnished for your regular use….

…

6. "Uninsured auto" means an auto or trailer of any type:

    a.    to which no liability bond or policy applies at the time of the accident;

    b.    to which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:

        (i)    legally denies coverage; or

        (ii)    is or becomes insolvent;

    c.    whose operator or owner cannot be identified and which causes and accident resulting in bodily injury or property damage to an insured, provided that:

        (i)    the insured, or someone on his or her behalf, reports the accident to the police or civil authority within twenty-four (24) hours or as soon as practicable after the accident; and

        (ii)    the accident is reported to us not later than thirty (30) days after the accident.

>   If there is no physical contact with the auto, the facts of the accident must be corroborated by an eyewitness other than the injured insured; or
>
>   d.  to which a liability bond or policy applies at the time of the accident, and:
>
>       (i)  if "Added-on Coverage" has been elected, as shown on the declarations page, the amount of coverage available under all applicable liability policies or bonds is less than the damages that the insured is legally entitled to recover for bodily injury or property damage from the owner of operator of the uninsured auto;

…

## DECLARATORY JUDGMENT

### Julien is Not an "Insured" as Defined by the Policy

21.

Progressive incorporates by reference the allegations contained in Paragraphs 1 through 20 as though set forth fully herein.

22.

The Policy provides underinsured motorist coverage for injuries "sustained by an insured . . . arising out of the ownership, maintenance or use of an uninsured auto."

23.

Because the named insured shown on the declarations page, Mobile Maintenance On The Go LLC, is not a natural person, then Respondent Julien must

have been "occupying an insured auto or temporary substitute auto" in order to qualify as an "insured" under the Policy.

24.

Based on the fact that Respondent Julien was a pedestrian when she was struck, it is clear that she was not occupying any vehicle at the time of the Subject Accident.

25.

Accordingly, the Policy does not provide coverage for the claims asserted in Respondent Julien's demand, and Progressive appears to owe no duty to defend or indemnify any of the Respondents for any claims asserted as a result of the Subject Accident.

26.

Progressive is in a position of uncertainty as to its rights, obligations, and duties in regard to the extent of any applicable coverage under the Policy pursuant to the terms at issue and cited herein and seeks a judicial declaration with respect to these coverage issues.

WHEREFORE, Petitioner prays:

(a)   that process and summons issue as to each of the Respondents herein and that they be served with process and a copy of this Petition for Declaratory Judgment as required by law;

(b)   that this Court declare the rights and legal obligations of Petitioner and Respondents under the subject Policy; specifically that Progressive has no duty to defend or indemnify Respondents for the claims arising out of the Subject Accident; and/or

(c)   for such other and further relief as this Court deems appropriate.

Respectfully submitted this 17th day of April, 2020.

>   LUEDER, LARKIN & HUNTER, LLC
>
>   */s/ Erica L. Parsons*
>   ERICA L. PARSONS
>   Georgia Bar No. 100152
>   eparsons@luederlaw.com
>   *Attorneys for Progressive Mountain Insurance Company*

3535 Piedmont Road
Building 14, Suite 205
Atlanta, Georgia 30305
Tel.: (404) 480-3927
Fax: (404) 480-3927