UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PROGRESSIVE MOUNTAIN
INSURANCE COMPANY,

    Petitioner,

v.

MOBILE MAINTENANCE ON THE
GO, LLLP, HELENE JULIEN,
BRANDON DONALD and JESSE
ESPINOZA,

    Respondents.

CIVIL ACTION NO.
1:20-CV-01665-JPB

## **ORDER**

    This matter comes before the Court on Progressive Mountain Insurance Company's ("Progressive") Renewed Motion for Clerk's Entry of Default as to Respondent Mobile Maintenance on the Go[1] ("Mobile Maintenance") [Doc. 96]. This Court finds as follows:

---

[1] The title of this motion suggests that Progressive seeks entry of default by the clerk rather than default judgment. However, the clerk entered default as to Mobile Maintenance on October 2, 2020. Therefore, the Court construes the instant motion as one for entry of default judgment.

# FACTUAL HISTORY

Mobile Maintenance is a family cleaning business operated by Helene Julien, Jesse Espinoza (Julien's daughter) and Javier Espinoza (Jesse Espinoza's husband).  On October 15, 2018, Julien was walking from the grocery store to her sister's home in Gwinnett County, Georgia, when she was struck by a car and injured as a result.[2]  [Doc. 11, pp. 5–6].  Progressive had previously issued a commercial automobile insurance policy (the "Policy") to Mobile Maintenance that was effective from January 18, 2018, to January 18, 2019.  Id. at 6.  The declarations page of the Policy listed Mobile Maintenance as the named insured.  [Doc. 11-3, p. 2].  The Policy included an Uninsured Motorist Coverage Endorsement, which stated that Progressive would

> pay for damages, other than punitive or exemplary damages, which an insured is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury or property damage:
> 1. sustained by an insured;
> 2. caused by an accident; and
> 3. arising out of the ownership, maintenance[] or use of an uninsured auto.

Id. at 39.  The Uninsured Motorist Coverage Endorsement provided the following definition of an "insured":

---

[2] Progressive initially named Brandon Donald, the driver, as a respondent, but the claims against him were dismissed without prejudice upon consent of the parties on March 25, 2021.  [Doc. 66].

2

>> if the named insured shown on the declarations page is a corporation, partnership, organization, or any other entity that is not a natural person:
>> (i) any person occupying an insured auto or temporary substitute auto; and
>> (ii) any person who is entitled to recover damages covered by this endorsement because of bodily injury sustained by a person described in (i) above.

Id. at 39–40. The Policy also included a Medical Payments Coverage Endorsement, which provided coverage for expenses related to bodily injury "sustained by an insured; . . . caused by an accident; and . . . arising out of the ownership, maintenance or use of a motor vehicle or trailer." Id. at 46. The Medical Payments Coverage Endorsement included the following definition of "insured": "if the named insured shown on the Declarations Page is a corporation, partnership, organization or any other entity that is not a natural person, [an 'insured' is] any person occupying your insured auto, temporary substitute auto, or a trailer while attached to an insured auto." Id. at 47.

On March 25, 2020, Julien sent a demand letter to Progressive, with an offer to settle her claims within sixty days for the Policy's $1,000,000 limit. [Doc. 11, p. 4]. Julien sent a second demand on May 7, 2020, for immediate payment under the Policy's Medical Payments Coverage Endorsement. Id. This suit followed.

3

## PROCEDURAL HISTORY

Progressive filed this action on April 17, 2020, against Julien, Jesse Espinoza and Mobile Maintenance (collectively, "Respondents"), seeking a declaratory judgment as to the parties' rights and obligations under the Policy. [Doc. 1, pp. 1–2]. Progressive filed an amended petition for declaratory judgment (the "Amended Petition") on June 1, 2020. [Doc. 11]. On June 19, 2020, and June 22, 2020, Progressive attempted to serve Mobile Maintenance through its registered agent at the address listed with the Georgia Secretary of State but was unable to effect service at that address. [Doc. 96-1, p. 2]. Mobile Maintenance was served with a summons and a copy of the Amended Petition on July 22, 2020, through the Georgia Secretary of State. See [Doc. 96-3, p. 2]. Mobile Maintenance did not file an answer or other responsive pleading to the Amended Petition and has not otherwise appeared in this action. [Doc. 96-1, p. 3].

Progressive moved for clerk's entry of default as to Mobile Maintenance on October 2, 2020, [Doc. 26], which the clerk entered the same day. Progressive then moved for default judgment against Mobile Maintenance on October 21, 2020, [Doc. 28], and for summary judgment as to all Respondents on February 17, 2021, [Doc. 40]. On February 10, 2022, the Court denied the motion for summary judgment without prejudice to refile and similarly denied without prejudice the

motion for default judgment to avoid the risk of inconsistent judgments. See [Doc. 86].

Progressive filed a renewed motion for summary judgment on February 18, 2022. [Doc. 87]. The Court granted the renewed motion on June 17, 2022, concluding that Julien was not eligible for coverage based on the Policy's unambiguous language. [Doc. 94, p. 15]. Progressive filed the instant Renewed Motion for Clerk's Entry of Default as to Mobile Maintenance on June 21, 2022. [Doc. 96].

## ANALYSIS

**A.     Legal Standard**

When a defendant fails to file an answer or otherwise defend, a court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). Default judgments are typically disfavored. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244–45 (11th Cir. 2015). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" Id. at 1245 (quoting Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). In other words, "[t]he court may grant default judgment [only] on those claims brought by [the] [p]laintiff that are legally sufficient and supported by well-pleaded allegations." Earthlink, Inc. v. Log on Am., Inc., No. 1:02-CV-1921, 2006 WL

783360, at *1 (N.D. Ga. Mar. 24, 2006); see also Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988) ("In considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint."); Functional Prods. Trading, S.A. v. JITC, LLC, No. 1:12-CV-0355, 2014 WL 3749213, at *11 (N.D. Ga. July 29, 2014) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim," and the Court must determine "whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Surtain, 789 F.3d at 1245 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Finally, "[d]efault judgments are appropriate in declaratory judgment actions relating to insurance coverage." U.S. Auto. Ass'n v. Dimery, No. 1:09-CV-0015, 2009 WL 10672385, at *1 (N.D. Ga. Apr. 3, 2009).

In the Amended Petition, Progressive seeks a declaratory judgment as to the "rights and legal obligations of Progressive and Respondents under the subject Policy" and specifically asks the Court to declare that Progressive "has no duty to defend or indemnify Respondents for the claims arising out of the" October 15, 2018 accident. [Doc. 11, p. 14]. The instant Motion seeks default judgment in the form of this declaratory relief. Below, the Court will consider whether the

Amended Petition provides a sufficient basis for the award of default judgment against Mobile Maintenance.

## B.     Motion for Default Judgment

As a preliminary matter, the Court granted summary judgment to Progressive on June 17, 2022, as to both Julien and Jesse Espinoza. [Doc. 94]. Because the Court adjudicated the case on the merits with respect to these respondents, default judgment is appropriate against Mobile Maintenance on the same grounds.  See Branch Banking & Tr. Co. v. Poplar Dev. Co., No. 5:12-CV-457, 2013 WL 2367963, at *1 (M.D. Ga. May 29, 2013) ("[I]f a plaintiff prevails against the non-defaulting defendants, it is then entitled to judgment against the defaulting . . . defendant as well."); cf. Allstate Ins. Co. v. Siniard, No. 1:11-CV-04567, 2013 WL 12246412, at *10 (N.D. Ga. June 26, 2013) (declining to enter judgment against a defaulting defendant prior to adjudicating the action on the merits as to the non-defaulting defendants to avoid inconsistent results). Nonetheless, the Court analyzes the instant Motion on the merits.

The allegations of the Amended Petition include the following:  Progressive issued an insurance policy to Mobile Maintenance that was in effect when the October 15, 2018 accident occurred; the Policy provided uninsured motorist coverage and medical payments coverage for injuries suffered by an insured; and

7

to qualify as an "insured" under the Policy's applicable endorsements, an individual must have been "occupying an insured auto or temporary substitute auto" at the time of injury.  [Doc. 11, pp. 8, 10].  Progressive asserted that Julien was not occupying an automobile at the time of the accident, placing her outside the applicable definition of "insured" and rendering her ineligible for coverage.  At bottom, Progressive contends that because Julien was a pedestrian during the accident, "the Policy does not provide coverage for the claims asserted in . . . Julien's demand, and Progressive appears to owe no duty to defend or indemnify" Mobile Maintenance for any claims asserted as a result of the accident.  Id. at 11.  These well-pleaded allegations are sufficient to warrant entry of default judgment against Mobile Maintenance.

## CONCLUSION

Because Mobile Maintenance failed to appear in this action and Progressive's Amended Petition states a sufficient factual basis for relief, the Court **GRANTS** Progressive's Renewed Motion for Clerk's Entry of Default as to Mobile Maintenance [Doc. 96].  The Court **HEREBY DECLARES** that Progressive has no duty to defend or indemnify Mobile Maintenance for claims under the Policy arising out of the October 15, 2018 accident.  The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 14th day of October, 2022.

_____
J. P. BOULEE
United States District Judge